IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Brooklyn Park Imports, Inc. d/b/a Jim Lupient's KIA of Brooklyn Park and Harold Chevrolet, Inc. d/b/a Jim Lupient's KIA of Bloomington, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Kia Motors America, Inc., <br><br> Defendant. | Case No. 07-2110 AOM/JSM <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

For their Complaint against Defendant Kia Motors America, Inc. ("Defendant"), Plaintiffs Brooklyn Park Imports, Inc. d/b/a Jim Lupient's KIA of Brooklyn Park and Harold Chevrolet, Inc. d/b/a Jim Lupient's KIA of Bloomington ("Plaintiffs") state and allege as follows:

## PARTIES

1. Plaintiff Brooklyn Park Imports, Inc. d/b/a Jim Lupient's KIA of Brooklyn Park is a Minnesota corporation, with its principal place of business at 7910 Lakeland Avenue North, Brooklyn Park, Minnesota. Plaintiff Harold Chevrolet, Inc. d/b/a Jim Lupient's KIA of Bloomington is a Minnesota corporation, with its principal place of business at 8033 Knox Avenue South, Bloomington, Minnesota.

SCANNED
APR 27 2007
U.S. DISTRICT COURT MPLS

2. Plaintiff is informed and believes, on the basis of that information and belief alleges, that Defendant is a California corporation, with its principal place of business at 111 Peters Canyon Road, Irvine, California 92606.

## JURISDICTION AND VENUE

3. This matter involves a dispute between citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

4. A substantial part of the events or omissions giving rise to Plaintiffs' claims in this case occurred, or a substantial part of the property that is the subject of this action is situated, in this judicial district. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

5. Plaintiffs are, in the ordinary course of business, engaged in selling new motor vehicles, including new Kia motor vehicles, to consumers, and holds a valid contract, granted by Defendant for the sale of Kia motor vehicles. Plaintiffs are therefore "dealers" within the meaning of Minn. Stat. § 80E.03, subd. 3.

6. Defendant manufacturers or assembles new Kia motor vehicles or is a corporation controlled by a manufacturer. Defendant is therefore a "manufacturer" within the meaning of Minn. Stat. § 80E.03, subd. 4.

7. On or about April 5, 2007, Plaintiffs received letters from Mike Helgesen, Defendant's Zone Manager, notifying Plaintiffs of Defendant's intention to relocate a Kia franchise from 1805 Wayzata Boulevard in Wayzata, Minnesota to 6661 Wayzata

Boulevard in St. Louis Park, Minnesota ("the Proposed Location"). Copies of the letters are attached as Exhibit A to this Complaint and is incorporated herein by reference.

8. The Proposed Location is within a ten mile radius of Plaintiffs' existing dealerships and is, therefore, within Plaintiffs' "relevant market areas" as defined by Minn. Stat. § 80E.14, subd. 1.

9. Pursuant to the provisions of Minn. Stat. § 80E.14, subd. 1, and 80E.17, Plaintiffs hereby challenge the establishment of a new dealership at the Proposed Location.

10. Minnesota Statute § 80E.14, subd. 1, provides that if the establishment of a new dealership in the relevant market area of an existing dealership in the same line make is challenged by the existing dealership, "good cause" must be shown before the new dealership is established.

11. Defendant has the burden of establishing the "good cause" requirement of Minn. Stat. § 80E.14, subd. 1. Defendant has not, and cannot, establish such "good cause."

12. Plaintiffs will suffer irreparable harm if Defendant is permitted to establish a new Kia dealership at the Proposed Location.

## CAUSE OF ACTION

### Count One
### (Declaratory Relief)

13. Plaintiffs reallege their Paragraphs 1 through 12 of this Complaint.

14. There exists a present, justiciable controversy with respect to Defendant's plan to establish a new Kia dealership at the Proposed Location.

15. By reason of the foregoing, Plaintiffs are entitled to a declaration that Defendant has not, and cannot, establish "good cause" for establishing a new Kia dealership at the Proposed Location.

## Count Two
## (MVSDA)

16. Plaintiffs reallege their Paragraphs 1 through 15 of this Complaint.

17. Defendant has not, and cannot, demonstrate "good cause" to establish a new dealership at the Proposed Location, as required by Minn. Stat. §80E.14.

18. By reason of the foregoing, Plaintiffs are entitled to an injunction, preventing Defendant from establishing a new dealership at the Proposed Location. Although Plaintiffs believe that there is no adequate remedy at law for the irreparable harm, loss and damage described in this Complaint, it alleges, in the alternative, that by reason of the foregoing, that Plaintiffs have sustained damages in an amount in excess of $75,000.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for an Order of this Court:

A. Declaring that good cause does not exist for the establishment of a new dealership at the Proposed Location;

B. Temporarily and permanently enjoining the establishment of a new dealership at the Proposed Location;

C. Awarding Plaintiffs damages in an amount in excess of $75,000;

D. Awarding Plaintiffs their costs and disbursements, including reasonable attorneys' fees, pursuant to Minn. Stat. § 80E.17; and

4

  E. Awarding Plaintiffs such other and further relief as the Court may deem just and equitable.

Dated: April 27, 2007.  GREENE ESPEL, P.L.L.P.

           _____
           Lawrence M. Shapiro, P.A., Reg. No. 130886
           200 S. Sixth Street
           Suite 1200
           Minneapolis, MN 55402
           (612) 373-8325

           ATTORNEYS FOR PLAINTIFFS

#334005v1

# EXHIBIT A



**KIA MOTORS**
*The Power to Surprise*™

KIA MOTORS AMERICA, INC.
Central Region
1000 Oak Creek Dr.
Lombard, IL 60148-6450
TEL: (630) 932-8500
FAX: (630) 932-8530

April 5, 2007

VIA OVERNIGHT MAIL &
CERTIFIED MAIL,
RETURN RECEIPT REQUESTED

Mr. Jim Lupient
Kia of Bloomington
8033 Knox Ave. South
Bloomington, MN 55431

Re: Notice Of Intended Relocation

Dear Mr. Lupient:

Kia Motors America, Inc. ("KMA") hereby gives notice of the intended relocation of the Kia sales and service operations of Morrie's European Cars, Inc. dba Morrie's Kia of Minnetonka from its current location at 1805 Wayzata Boulevard, Wayzata, MN 55391 to dealership facilities at 6661 Wayzata Blvd., St. Louis Park, MN 55426.

Pursuant to Section 80E.14 of the Minnesota motor vehicle franchise statute, your dealership has thirty (30) days from receipt of this notice to commence an action to challenge the intended relocation. If no such action is filed within the 30-day period, the relocation will be effected.

If you have any questions, please let me know.

Very truly yours,

Mike Helgesen
Regional Dealer Development Manager



**KIA MOTORS**
*The Power to Surprise*™

KIA MOTORS AMERICA, INC.
Central Region
1000 Oak Creek Dr.
Lombard, IL 60148-6450
TEL: (630) 932-8500
FAX: (630) 932-8530

April 5, 2007

VIA OVERNIGHT MAIL &
CERTIFIED MAIL,
RETURN RECEIPT REQUESTED

Mr. Jim Lupient
Kia of Brooklyn Park
7910 Lakeland Ave. North
Brooklyn Park, MN 55445

Re: <u>Notice Of Intended Relocation</u>

Dear Mr. Lupient:

Kia Motors America, Inc. ("KMA") hereby gives notice of the intended relocation of the Kia sales and service operations of Morrie's European Cars, Inc. dba Morrie's Kia of Minnetonka from its current location at 1805 Wayzata Boulevard, Wayzata, MN 55391 to dealership facilities at 6661 Wayzata Blvd., St. Louis Park, MN 55426.

Pursuant to Section 80E.14 of the Minnesota motor vehicle franchise statute, your dealership has thirty (30) days from receipt of this notice to commence an action to challenge the intended relocation. If no such action is filed within the 30-day period, the relocation will be effected.

If you have any questions, please let me know.

Very truly yours,

*[signature]*

Mike Helgesen
Regional Dealer Development Manager